IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N. A. MAHALAKSHMI SRINIVASAN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-416-B-BK |
| | § | |
| NCH CORPORATION, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff Nadathur Ammal Mahalakshmi Srinivasan's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 10. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED** for failure to state a claim.

**I. BACKGROUND**

On February 23, 2023, Srinivasan, a resident of Thane, Maharashtra, India, filed a complaint against NCH Corporation.[1] Doc. 2 at 1. The Court granted her several opportunities to amend her complaint in compliance with FED. R. CIV. P. 8(a) and to answer the magistrate judge's questionnaire (MJQ). Doc. 7; Doc. 12; Doc. 15. In the second deficiency order, filed after the MJQ responses, the Court noted, *inter alia*:

---

[1] Srinivasan cannot register for e-filing through PACER because she resides outside the United States and has a foreign email address and credit card. Doc. 9 at 7. The Clerk's Office thus emails her pleadings and she returns them for filing through the Court's emergency file email account.

> In her MJQ responses, Plaintiff cites jurisdictional provisions and federal statutes relating to patent and copyright infringement. Doc. 14 at 3-4, 9. She confirms that she is not suing (1) for criminal law violations or (2) the United States Patent and Trademark Office, which the Clerk of Court has now terminated as a defendant on the docket. Doc. 14 at 8-9. Plaintiff also makes nonsensical assertions about "racism or slavery." She additionally lists "keywords" as explanation for how Defendant allegedly committed patent and copyright infringement. Doc. 14 at 4-8. These "keywords," however, do not give Defendant fair notice of Plaintiff's claims under Rule 8(a).

Doc. 15.

Thus, the Court ordered Srinivasan to file a fourth amended complaint that complies with Rule 8(a) and that (1) does not exceed 20 pages, and (2) pleads each claim, jurisdictional provision, and request for relief with simple, concise language. Doc. 15 at 2. The Court also cautioned: "Any amended complaint will supersede (take the place of) Plaintiff's previous filing. Consequently, Plaintiff must state all claims and list all defendants in any amended complaint filed." Doc. 15 at 3. In response, Srinivasan filed a 42-page fourth amended complaint (the operative complaint) that, like the previous ones, fails to correct the deficiencies noted by the Court. Doc. 18. The operative complaint also encloses some of Srinivasan's earlier pleadings, such as her MJQ responses, which were superseded by the operative complaint. Doc. 18 at 1-7, 28-39.

Further, the operative complaint advances only a laundry list of grievances and events—often conclusory. Doc. 18 at 4. As best the Court can glean, Srinivasan complains of patent and copyright infringement and maybe unspecified state law violations. She alleges:

> The case is a commercial litigation case involving all aspects which denied the plaintiff right to monetize her technologies that are a billion dollar industry and every attempt to show her in the wrong light. It isn't only about infringement but all that had happened to deny her the rights to monetize from her inventions for 10 years. Each of these technologies are a billion dollar industry and these products could be manufactured at low cost. Her commercialization efforts proves that she could have reached these heights and had the revenues that NCH Corporation made

> when the rights were solely hers and she could have lived well, this is her concern unless NCH Corporation could disprove all the claims she has made in this case. These products were the core business of NCH Corporation. These have a huge market in Singapore, Malaysia Thailand, USA, UK to name a few. Singapore alone has 174 farms and I had a business model of generating 50 crores INR from just a single farm that would have served to be a demo model as well. Apart from this, there would have been the business of B2B and B2C, Onsite installation. The products infringed include that of Bioremediation and Aquaculture.

Doc. 18 at 8.

Upon review, the Court concludes that Srinivasan's operative complaint should be dismissed for failure to state a claim.

## II. ANALYSIS

Because Srinivasan is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the sua sponte dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The analysis begins with the court's consideration of whether a party has complied with Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557 (noting that Rule 12(b)(6)'s plausibility element derives from the threshold requirement of Rule 8(a) that the complaint "possess enough heft to show that the pleader is entitled to relief") (cleaned up).

Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than just allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d). This serves two purposes. First, it "eliminate[s] prolixity in pleading and . . . achieve[s] brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (citation omitted). Second, the requirements of Rule 8(a) compel litigants to file straightforward pleadings "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). As aptly noted in *Garst*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." 328 F.3d at 378.

Srinivasan's operative complaint does not comply with Rule 8(a). First, it is repetitive, rambling, and scattershot in approach, resulting in a pleading far longer than necessary to cogently state a legal claim. And Srinivasan's conclusory statements do not even rise to the level of "threadbare recitals" of the elements of a cause of action. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, Srinivasan's operative complaint is confusing and appears to contain immaterial information, such as lengthy references to technical information that are difficult to follow and irrelevant to plead a proper claim. As example, her statement of the claims consists entirely of 15 pages of so-called patent and copyright "specifications" and their

"key features." Doc. 18 at 11-26. Rather than asserting what Defendant did or failed to do that amounted to patent or copyright infringement or other violation, Srinivasan seemingly details the technical requirements of the technologies in questions. *See* Doc. 18 at 11-13 ("Method And Systems For Determining Bioremediation Micro-organisms For Degrading Crude Oil Pollutants In Sea Water And Its Surrounding Soil Habitat"); Doc. 18 at 14-15 ("Effect of the Bacterial Isolate on the different types of Fishes in the Fish tank"); Doc. 18 at 16-19 ("Method For Improving Quality of Aquaculture Pond Water"); Doc. 18 at 19-26 ("Method for treating and improving quality of pond water used in growing aquatic species").

The Court recognizes that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[e]ven a liberally construed *pro se* . . . complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Under the most liberal construction, the operative complaint fails to satisfy the standard imposed by Rule 8(a). Simply stated, Srinivasan's factual contentions are inadequate to support any cognizable claim. Neither Defendant nor the court is expected to dig through her operative complaint to discern any relevant facts and their connection to her possible causes of action. Because Srinivasan has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, she has failed to plead a plausible claim. Therefore, her complaint should be dismissed for failure to state a claim.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As discussed here, Srinivasan has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her operative complaint, it is unlikely that, given the opportunity, she could allege cogent and viable legal claims. In addition, the Court has already permitted Srinivasan to amend her complaint in compliance with Rule 8(a) and respond to the MJQ. Doc. 8; Doc. 9; Doc. 14; Doc. 18. Thus, the Court concludes that Srinivasan has already pled her best case and granting further leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915(e).

The Clerk of the Court is **directed** to transmit a copy this recommendation to Plaintiff at mahalakshmisrinivasan4@gmail.com.

**SO RECOMMENDED** on July 28, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).