UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N. A. MAHALAKSHMI SRINIVASAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Case 3:23-CV-416-B-BK |
| § | | |
| NCH CORPORATION, et al., § | | |
| Defendants. § | | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Plaintiff filed objections, and the court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. The objections are OVERRULED and the court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge as modified to dismiss the case without prejudice.

I.

Before recommending that the operative complaint be dismissed for failure to state a claim, the magistrate judge granted Plaintiff, a pro se litigant, two opportunities to amend her complaint in compliance with Fed. R. Civ. P. 8(a) and also ordered her to answer the magistrate judge's questionnaire. In her objections, Plaintiff asks that the case be permitted to proceed to service of process. Doc. 22 at 1, 12. It also appears that Plaintiff seeks leave to amend. She includes the following new claims: "Conversion, Defamation, Fraudulent Concealment, Injurious Falsehood, Product Disparagement and Trade Liable, Misappropriation of Trade

Secrets, Prima Facie Tort, Tortious Interference with prospective contractual relations and with business relations." Doc. 22 at 1.

Next, Plaintiff cites to "USA Laws" that she alleges are "pertinent" to her case. *Id.* She mentions specifically "Duty of Disclosure laws" that she maintains are on the "USPTO website and the recent law: 2016 Fraud, Inequitable conduct, or Violation of Duty of Disclosure Affects All Claims." Doc. 22 at 1. Plaintiff then lists the following general statutory provisions:

- Patent infringement - 35 U.S. Code § 271
- Copyright infringement - 17 U.S. Code § 501
- Monetization infringement - 17 U.S.C. § 504(c) (2018), 35 U.S. Code § 281, 35 U.S. Code § 283, pre-AIA 35 U.S.C. 103 , TRIPS Agreement - Article 45.

*Id.* Lastly, Plaintiff alludes to a dubious claim under the "False Claims Act (FCA) - Lincoln Law and Lanham Act (The federal statute that governs trademarks, service marks, and unfair competition)." *Id.*

Plaintiff repeats the same laundry list of claims in an attachment (which seems to be her proposed fifth amended complaint) ostensibly to meet the short-and-plain-statement requirement of Rule 8(a). Doc. 22-2 at 8, 10. But she again alleges no plausible facts to support any claim. Therefore, this action should be dismissed.

Notably, Plaintiff's objection and attachments, including the presumed proposed amended complaint, do not have a caption with the court's name, a title, a file number, or a Rule 7(a) designation. *See* Fed. R. Civ. P. 10(a). Plaintiff also does not state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Nor does she sign her objections and proposed amendment as required by Fed. R. Civ. P. 11(a).

II.

"Under Federal Rule of Civil Procedure 15(a), a party may amend his pleading once as a matter of course and thereafter with leave of court, which should be freely given in the interest of justice." *Carmouche v. Hooper*, ___ F.4th ___, 2023 WL 5116377, at *4 (5th Cir. Aug. 10, 2023). Rule 15(a)(1) applies here because Plaintiff's fourth amended complaint was filed in response to the court's last deficiency order. *See Renasant Bank, Inc. v. Smithgall*, No. 1:15-CV-459-WSD, 2016 WL 164311, at *2 (N.D. Ga. Jan. 13, 2016) (finding that amended complaint filed in response to a court's deficiency order "did not qualify as Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15"). The court thus grants Plaintiff's request for leave to amend.

However, Plaintiff's fifth amended complaint again fails to state a plausible claim. The magistrate judge twice filed deficiency orders informing Plaintiff of the requirements of Rule 8(a). In the recommendation, the magistrate judge cautioned Plaintiff that she must do more than just allege legal conclusions or recite the elements of a cause of action. Plaintiff failed to heed the court's instructions. Her fifth amended complaint once more fails to comply with Rule 8(a). Besides the new laundry-list of claims, Plaintiff's fifth amendment remains essentially the same – a compilation of conclusory statements scattered among technical specifications that allege no plausible facts to support any claim. As the magistrate judge aptly noted, "[n]either Defendant nor the court is expected to dig through [Plaintiff's] operative complaint to discern any relevant facts and their connection to her possible causes of action." Doc. 19 at 5. Rule 8(a) compels litigants to file straightforward pleadings "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th

Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

In sum, Plaintiff's construed, fifth amended complaint presents nothing more than "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). This action is therefore dismissed without prejudice for failure to state a claim.

***

For all these reasons, the court OVERRULES Plaintiff's objections, GRANTS Plaintiff leave to amend, and ACCEPTS the Findings, Conclusions and Recommendation of the Magistrate Judge as modified. Accordingly, Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to state a claim. *See* 28 U.S.C. § 1915(e).

The clerk of the court is directed to file Plaintiff's fifth amended complaint, which is appended to her objections. Doc. 22-2 at 8-29.

The clerk of the court is also directed to transmit a copy this recommendation to Plaintiff at mahalakshmisrinivasan4@gmail.com.

SO ORDERED this 21st day of August, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE